**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**ARMSTRONG TIRE & RUBBER COMPANY, TIRE TEST FLEET BRANCH, Respondent.**

No. 15635.

United States Court of Appeals
Fifth Circuit.

April 7, 1959.

---

Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Owsley Vose, Atty., N. L. R. B., Washington, D. C., for petitioner.

F. A. Kullman and Richard C. Keenan, New Orleans, La., for respondent.

Sam Houston Clinton, Jr., Austin, Tex., for intervenor.

Before HUTCHESON, Chief Judge, and RIVES and JONES, Circuit Judges.

PER CURIAM.

■■ It is and has been the general practice in this court to grant leave to file petitions for rehearing in all cases where not too belatedly filed if it appears that the petition has probable merit. We must, therefore, reject the view that, in reviewing orders of the National Labor Relations Board and considering this petition for late filing, the court acts more in the public interest and should, therefore, act differently than when reviewing such petitions for leave filed in other cases.

■ Examining the petition for rehearing submitted with the petition for leave to file, as we do all other such petitions, we are of the clear opinion that the claimed discrepancies between the facts as stated in the opinion and as they appear of record were and are of no real significance and that, accepting them as the discrepancies they are claimed to be, they do not affect the ratio decidendi of the decision. This was:

"As the examiner found and the record reflects, the facts as to the icehouse business and Albrecht's failure to exercise diligence to secure employment are such we think as to put beyond question that the Board's conclusion that Albrecht's conduct in that period measured up to the standards of diligence and good faith entitling him to make claim for back wages for that period is without substantial evidentiary support, indeed is contrary to the evidence."

The petition for leave to file is, therefore, denied.

RIVES, Circuit Judge, dissenting.